## Westervelt *v.* Dives, Appellant.

*Negligence—Statutory duty—Penalty—Cumulative remedy.*

1. Where a statute imposes a duty where none existed before, the presumption is that the remedy provided therein for the breach of the duty is exclusive; but if a plain duty is imposed for the benefit of individuals, and the penalty is obviously inadequate to compel performance, the implication will be strong, if not conclusive, that the penalty was meant to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected. And if the duty imposed is obviously meant to be a duty to the public, and also to individuals, and the penalty is made payable to the state or to an informer, the right of an individual injured to maintain an action on the case for the duty owing to him will be unquestionable.

*Negligence—Elevators—Safety appliances—Act of May 30, 1895, P. L. 129—Cumulative remedy.*

2. The penalty provided by the Act of May 30, 1895, P. L. 129, for failure to attach automatic locking devices to elevators, is not exclusive of the right of a person who is injured by reason of the neglect of the duty imposed by the statute, to maintain an action for the injuries sustained. It is immaterial that the person injured may have been a fellow servant of the operator of the elevator.

Argued Feb. 27, 1911. Appeal, No. 269, Jan. T., 1910, by plaintiffs, from judgment of C. P. Berks Co., March T., 1907, No. 68, on verdict for plaintiffs in case of Elsie May Westervelt, by her father and next friend, Charles A. Westervelt, and the said Charles A. Westervelt v. Josiah Dives and George S. Pomeroy, trading as Dives, Pomeroy and Stewart. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ENLICH, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Elsie May Westervelt for $1,924, and for Charles A. Westervelt, $260. Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for defendants.

*J. B. Stevens,* with him *Jefferson Snyder* and *G. B. Stevens,* for appellants.—The act in question does not expressly give a right of action for an injury attributable to the nonperformance of the duty prescribed or declare that the failure to comply with its provisions shall be taken to be negligence per se: Mack v. Wright et al., 180 Pa. 472; Venango County v. Penn Bridge Co., 215 Pa. 199.

Plaintiff was not injured while engaged in the duty of her employment, but while being carried beyond her destination by the operator of the car: Jones v. Caramel Co., 225 Pa. 644; Remmert v. R. R. Co., 1 Berks County Law J., 149; Berryman v. R. R. Co., 228 Pa. 621.

*Isaac Hiester,* with him *Frank S. Livingood,* for appellees, cited: Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617.

OPINION BY MR. JUSTICE POTTER, May 8, 1911:

This was an action of trespass brought by the father of Elsie May Westervelt, as her next friend, and in his own right, to recover damages for personal injuries sustained by her through the alleged negligence of defendants. The plaintiff was employed by defendants in their store, and upon the day of the accident was occupied on the first floor. Having occasion to go to the third floor, she requested the operator of the elevator to take her up. He assented, and she got on the elevator. The operator playfully refused to let her off at the third floor, but carried her on to the seventh floor. At this point the elevator was stopped, and the operator temporarily left the car, leaving the plaintiff on the elevator with the door open. Immediately afterwards the elevator began to move upward, when plaintiff turned around and apparently attempted to get out, and was caught between the elevator floor and the top of the doorway, and seriously injured. To recover damages for these injuries, this suit was brought, and the negligence charged was failure to comply with the requirements of the Act of May 30, 1895, P. L.

129, as to the attachment of automatic locking devices to elevators.

At the trial defendants offered no testimony, but moved for judgment of compulsory nonsuit, and when this motion was overruled, the court was asked to give binding instructions in their favor. This request was refused, and the case was submitted to the jury, who found a verdict for the plaintiff and for her father. From the judgments entered upon the verdicts, the defendants have appealed.

The provisions of the Act of Assembly of May 30, 1895, P. L. 129, above cited, require that all passenger elevators shall be equipped with an automatic device, that will hold immovable and secure the elevator carriage while the door at a landing is open. And it is further required that this device must work independently of the action of the attendant, so long as the door at the landing is open.

In the present case it appears from the evidence that the defendants were using an elevator not equipped with the required locking device; for, in the temporary absence of the attendant, the elevator moved away from a landing while the door was open, and serious injury resulted to the plaintiff who was lawfully using the car. It is contended that defendants are not liable for damages for these injuries, resulting from a failure to equip the elevator with the locking device, for the reason that the statute provides a penalty for noncompliance with its requirements, and this remedy it is said is exclusive. This court announced a general rule, when in Mack v. Wright, 180 Pa. 472, it said (p. 476): "The presumption is that where a statute imposes a duty where none existed before, the remedy provided therein for the breach of the duty is exclusive." But this rule is not without exceptions, as is pointed out in Cooley on Torts, page 653, as follows: "If a plain duty is imposed for the benefit of individuals, and the penalty is obviously inadequate to compel performance, the implication will be strong, if not conclusive, that the penalty was meant to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected.

And if the duty imposed is obviously meant to be a duty to the public, and also to individuals, and the penalty is made payable to the State or to an informer, the right of an individual injured to maintain an action on the case for the duty owing to him will be unquestionable." This principle was recognized in Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617, where our brother ELKIN, in referring to the provisions of the statute of May 2, 1905, P. L. 352, which prohibits the employment of children under fourteen years of age, said (p. 620): "It is true the statute is penal, and violations of its provisions, upon conviction, are punishable by fine or imprisonment, but these remedies are not exclusive and do not supersede the right of action for damages in a civil proceeding."

In the present case the duty of providing a locking device was intended to be a duty to the public, and also to individuals; but the penalty for noncompliance with the statute, which is made payable to the public officer, affords no redress to the individual who suffers by reason of the neglect of the duty imposed by the statute. The right therefore to maintain this action in behalf of the individual injured, seems to be beyond question. The trial judge charged the jury that if they found the elevator was not equipped with the safety device required by the statute, they would be justified in inferring negligence on the part of the defendants, and if the plaintiff was injured by reason of this neglect of duty, without fault upon her part, she would be entitled to recover. We think this instruction was entirely proper.

In the argument of counsel for appellants, it is also suggested that the injury to plaintiff resulted from the action of the operator of the elevator, who was a fellow servant. But the case does not rest upon any allegation of negligence by the operator. The neglect of duty charged, was the failure to equip the elevator with the safety device required by the statute. With that failure the operator had nothing to do. If the statute had been obeyed, the accident could not have occurred, as the car would have been

held secure and immovable while the door was open, without regard to the action of the operator.

We see no merit in any of the assignments of error; they are overruled, and the judgment is affirmed.