## Danner *v.* Wells, Appellant.

*Negligence—Master and servant—Scaffolding—Defects—Act of April 15, 1907, P. L. 81, Sec. 3—Case for jury.*

1. In an action to recover damages for the death of plaintiff's husband resulting from the fall of a scaffold on which he was working, the question of defendant's negligence was for the jury, where there was evidence that the accident resulted from defendant's use of unsuitable timber in the construction of the scaffold and his failure to provide sufficient supports therefor.

2. In such case the court made no error in permitting plaintiff to show a violation of Section 3 of the Act of April 15, 1907, P. L. 81, requiring that "all swinging and stationary scaffolding shall be so constructed as to bear four times the maximum weight to be dependent therefrom or placed thereon when in use." From the fact that a plain duty is imposed by the act for the benefit of individuals and that the penalty for violations thereof is inadequate to compel compliance with its provisions, it is to be inferred that the penalty was intended to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected.

Argued Jan. 8, 1915.  Appeal, No. 186, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1912, No. 354, on verdict for plaintiff, in case of Bertha Danner v. Mark P. Wells.  Before POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's husband.  Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Edward M. Biddle,* with him *Robert T. McCracken,* for appellant.—There was no proof of the cause of the accident: McCarthy v. Shoneman Bros., 198 Pa. 568; Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Sandt v. North Wales Foundry Co., 214 Pa. 215.

The Act of April 15, 1907, P. L. 81, Section 3, has no bearing upon this case: Fane v. Philadelphia Rapid Transit Co., 228 Pa. 471; Mack v. Wright, 180 Pa. 472; Westervelt v. Dives, 231 Pa. 548; Brynelson v. Turner-Forman Concrete Steel Co., 239 Pa. 346; Reg. v. Wigg, 2 Salk. 460; Barden v. Crocker, 27 Mass. 383; Brattleboro v. Wait, 44 Vt. 459; Atkinson v. New Castle & Gateshead Waterworks Company, L. R. 6 Exch. Div. 404; Grant v. Slater Mill & Power Co., 14 R. I. 380; Maker v. Slater Mill & Power Co., 15 R. I. 112, 23 Atl. Repr. 63; Louisville & Nashville and Nashville, Florence & Sheffield R. R. Companies v. Collier, 104 Tenn. 189 (54 S. W. Repr. 980).

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.—There was abundant proof that the weakness of the scaffold was the cause of the accident: Groves v. McNeil, 226 Pa. 345.

The defendant's violation of the Act of April 15, 1907, P. L. 81, was negligence: Bollinger v. Crystal Sand Co., 232 Pa. 636.

The violation of said statute resulting in injury entitled plaintiff to recover damages therefor: Stehle v. Jaeger Machine Company, 220 Pa. 617; Westervelt v. Dives, 231 Pa. 548.

Opinion by Mr. Justice Frazer, February 8, 1915:

This was an action in trespass brought by plaintiff to recover damages for the death of her husband, an employee of defendant, who was the general contractor for the erection of a large building at Broad street and Allegheny avenue, in the City of Philadelphia, known as Convention Hall. Deceased was a carpenter and was engaged in tightening bolts in trusses which supported the roof of the building in which he was working. In performing this labor he was obliged to work from a scaffold or platform which hung from the roof at an elevation of about forty-six feet from the floor. In addition to plaintiff's husband there were two other workmen and also several bundles of laths upon the scaffold, aggregating in weight from 800 to 1,500 pounds.

The negligence charged was (1) the use of unsuitable material in constructing the scaffold, and, (2) improper construction and violation of the Act of April 15, 1907, P. L. 81. The trial judge refused to give binding instructions for defendant and submitted the case to the jury. A verdict was rendered in favor of plaintiff, which was followed by a motion for judgment for defendant non obstante veredicto which motion was overruled and judgment entered on the verdict. This action of the court is assigned as error.

The testimony in regard to the happening of the accident is not in dispute. It appears that the section of the scaffold which fell was constructed of "short leaf" or "bull" pine, was about twenty feet in length, and was suspended from trusses by an iron hanger at each end six feet long. The scaffold had been in place about two hours when suddenly and without warning it broke and collapsed, precipitating plaintiff's husband to the floor of the building and inflicting upon him injuries from which he died the following day.

It is undoubtedly the law as contended by defendant, that as between employer and employee, negligence will not be presumed from the mere happening of an acci-

dent, and that some specific act of negligence must be affirmatively proved to take the case to the jury. McDonnell v. Orinoka Mills, 241 Pa. 61. Here, however, the testimony was sufficient if believed to establish two acts of negligence on the part of defendant, namely, the use of unsuitable timber in the construction of the scaffold and the failure to provide sufficient supports, both of which it was contended combined to cause the accident. Each witness of plaintiff who was questioned regarding the use of "short leaf" or "bull" pine, said such material was unsuitable for scaffolding purposes under the circumstances of this case, and was referred to by the witnesses as the "cheapest grade of lumber," "bad timber," and that the short leaf pine was used because "we did not have any long leaf." These witnesses also testified that if proper timber had been used the accident would not have happened, and also claimed that an additional support midway between the ends of the scaffold would have avoided a collapse, even with the use of "short leaf" pine in the construction. On the part of defendant there was testimony tending to show the use of both proper material and sufficient supports in the scaffold. Under these circumstances the trial judge would not have been warranted in taking the case from the jury.

Plaintiff also contended that in addition to her common law remedy she was entitled to have her case heard by a jury because of a violation of the provisions of the Act of 1907 above referred to. Section 3 of that act provides that "all swinging and stationary scaffolding shall be so constructed as to bear four times the maximum weight to be dependent therefrom or placed thereon when in use, and not more than three men shall be allowed on any swinging scaffold at one time." Sec. 4 of the act makes the violation of its provision a misdemeanor, punishable by a fine not exceeding $500, or imprisonment not exceeding six months.

There was ample evidence to support a finding that

the scaffold was not sufficiently strong to meet the requirements of that act of assembly.    It is contended however by defendant that the remedy given by the act is exclusive, and Mack v. Wright, 180 Pa. 472, is cited to the effect that "the presumption is that where a statute imposes a duty where none existed before, the remedy provided therein for the breach of the duty is exclusive."    As a general proposition, that contention is true.    This court however, in Westervelt v. Dives. 231 Pa. 548, says: "The rule in Mack v. Wright, 180 Pa. 472, is not without exception.    If a plain duty is imposed for the benefit of individuals, and the penalty is obviously inadequate to compel performance, the implication will be strong, if not conclusive, that the penalty was meant to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected."    This case and others that might be cited settles the law in Pennsylvania, in regard to questions of this class.    It is therefore not necessary to examine or consider the authorities cited from other jurisdictions.

Under both the common law and the Act of 1907, plaintiff was entitled to have her case submitted to the jury.

Judgment affirmed.