**Ludwig KLEIN and Valeria Klein, Appellants,**

**v.**

**REPUBLIC STEEL CORPORATION.**

**No. 18069.**

United States Court of Appeals, Third Circuit.

Argued Oct. 23, 1970.

Decided Dec. 7, 1970.

---

James E. McLaughlin, McArdle, McLaughlin, Paletta & McVay, Pittsburgh, Pa., for appellants.

Clyde W. Armstrong, Thorp, Reed & Armstrong, Pittsburgh, Pa., (Peter G. Veeder, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is a test case in which the parties seek a determination whether the well-known decision of the Supreme Court in Pennsylvania Coal Company v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922),[1] continues to have vitality. There, in the rare constellation of a majority opinion by Justice Holmes and a dissenting opinion by Justice Brandeis the Supreme Court held invalid Pennsylvania's Kohler Act, Act of May 27, 1921, P.L. 1198,[2] enacted to prevent specified surface subsidences caused by anthracite coal mining operations. Justice Holmes' opinion declared the Kohler Act unconstitutional because it impaired the obligation of contract contrary to Article I, § 10, Clause 1 of the Constitution P.S. and constituted a taking of private property without just compensation in violation of the due process clause of the Fourteenth Amendment.

Here a separate statute, the Act of July 2, 1937, P.L. 2787,[3] dealing with surface subsidences caused by bituminous coal mining operations in any county of the second class, is before us. The only county of the second class in Pennsylvania is Allegheny County, and this presents the additional question wheth-

---

1. Reversing Mahon v. Pennsylvania Coal Company, 274 Pa. 489, 118 A. 491 (1922).

2. 52 Purdon's Pa.Stat.Annot. § 661 et seq.

3. 52 Purdon's Pa.Stat.Annot. § 1407 et seq.

er the statute also violates the prohibition of the Pennsylvania Constitution against special legislation.[4]

The facts are undisputed. Plaintiffs are husband and wife, and are the owners of a dwelling house and nine acres in the Township of West Deer, Allegheny County, Pennsylvania. They brought this diversity action for damages caused by the caving-in of their property. They held a surface estate under a deed which contains a waiver provision by which the owner of the mineral rights and the right of surface support retained the right to mine and remove the coal under the surface "free from any liability for damages done the surface or injury of any sort arising from the mining and removal of all said coal." Defendant is the owner of the mineral rights and the right of surface support. Under Pennsylvania law these three interests constitute separate estates in real property.[5] Defendant conducted the mining operations which caused the subsidence and destruction of plaintiffs' dwelling after giving them the opportunity, which they refused, to purchase support pillars of coal to be left in place.

The district court granted defendant's motion for summary judgment in a brief order declaring that since the Act of 1937 was identical in all relevant respects to the Kohler Act, it was unconstitution-

al under *Mahon* and that the statute also violated the special legislation prohibition of the Pennsylvania Constitution.

Plaintiffs claim that *Mahon* has lost its force as a constitutional precedent because of the vast enlargement of the permissible scope of the police power in matters of economic regulation. They point to the dissenting opinion of Justice Brandeis as expressing the view which now prevails in the Supreme Court.

There are, however, a number of issues arising out of the nature of the claim and the relief sought which must be considered before we may reach either the federal or the state constitutional issues.

The first such issue is the right of a private party to sue for damages for violation of the statute. In *Mahon* the plaintiffs sought an injunction to restrain the defendant from engaging in its anthracite coal mining operation which threatened the caving-in of their dwelling house. The Kohler Act expressly conferred the right to such relief.[6] The present action is not for an injunction but for damages. The statute under which plaintiffs sue, however, like the Kohler Act, does not specifically confer a right of action for damages. Like the Kohler Act, it provides for its enforcement only by injunction[7] and criminal penalties.[8] The question arises whether the specification in both statutes of

---

4. At the time the statute was adopted the special legislation provision appeared in Article III, § 7 of the Pennsylvania Constitution of 1874 and read as follows:

   "The General Assembly shall not pass any local or special law

   \*    \*    \*    \*    \*

   "Regulating labor, trade, mining or manufacture * * *."

   Under the amendments to the Constitution resulting from the constitutional convention of 1967, the provision is now contained in Article III, § 32, and reads as follows:

   "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law: * * *.

   "7. Regulating labor, trade, mining or manufacturing * * *."

5. See Pennsylvania Coal Company v. Mahon, 260 U.S. 393, 412, 413, 43 S.Ct. 158, 67 L.Ed. 322 (1922).

6. The Kohler Act of May 27, 1921, P.L. 1198, § 8, 52 Purdon's Pa.Stat.Annot. § 668, provides: "The courts of common pleas shall have power to award injunctions to restrain violations of this act."

7. The Act of 1937, § 6, Purdon's Pa.Stat. Annot., contains a provision identical to that of the Kohler Act, § 8, quoted supra, n. 6.

8. The Act of 1937, § 5, makes violation of any of its provisions a misdemeanor punishable by a fine of not more than five thousand dollars and imprisonment for not more than one year. 52 Purdon's Pa.Stat.Annot. § 1410a.

criminal penalties and injunction discloses a legislative purpose against the creation by implication of a right of action for damages for violation of the statute. Such a right would be based on the ground that private damage relief to one injured by violation of the statute would further the policy of the state which led to its adoption.[9] We need not, however, decide the question, for another issue is dispositive of the appeal. It arises from a significant departure of the Act of 1937 from the Kohler Act of 1921.

The Kohler Act forbade anthracite mine operators "so to conduct the operation of mining anthracite coal as to cause the caving-in, collapse or subsidence of * * * (d) Any dwelling or other structure used as a human habitation * * *."[10] The Act of 1937, however, makes it unlawful for bituminous mine operators "to conduct the operation of mining bituminous coal *in such a negligent manner*[11] as to cause the caving-in, collapse, or subsidence of * * * (d) Any dwelling or other structure used as a human habitation * * *."[12] From this literal variation arises at once the question of legislative intention.

As it was originally introduced in the legislature, the Act of 1937 did not contain the language requiring negligence. The provision was added in the Senate after the bill had passed the House of Representatives which thereafter accepted it.[13] The legislative history, so far as we have been able to ascertain it, supplies no information regarding the purpose of the change beyond that suggested by the amendment itself. There are no reported Pennsylvania decisions on any aspect of the statute, which we are informed has never been enforced.

On our inquiry it has been reported to us that there are no contemporaneous, nor indeed any later, rulings by the Attorney General of Pennsylvania on the statute. It is difficult, on these bare facts, to believe that 15 years after the Supreme Court invalidated the Kohler Act the Pennsylvania legislature would have adopted precisely the same statute for bituminous mining. On the other hand, the "Little New Deal" Pennsylvania legislature of 1937 may have hoped for a change in view by the United States Supreme Court in that era of profound reexamination of constitutional doctrine. It is more probable that both views were brought into play and that in the end the legislature made a material alteration in the statute in the hope that this would remove it from the range of the *Mahon* case.

In these circumstances we turn first to the intrinsic language in determining the purpose and meaning of the specification of negligence in the Act of 1937. That the new language departs from that of the Kohler Act is literally important, and its later insertion in the Senate version of the bill shows that it was not a chance or insignificant choice of words. By requiring negligence rather than prescribing absolute liability, the legislature may well have intended to escape the effect of the Fourteenth Amendment ban against the taking of property without just compensation and the constitutional prohibition against interfering with the obligation of contract, as they had been construed in *Mahon*. It is a canon of statutory construction that where as here the words of a later statute differ from those of a previous one on the same or a related subject, the legislature must have intended them to

9. See, e. g., the leading case of J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). See also, e. g., the Pennsylvania cases of Westervelt v. Dives, 231 Pa. 548, 80 A. 1054 (1911); Everett v. Harron, 380 Pa. 123, 110 A.2d 383 (1955).

10. Act of 1921, 52 Purdon's Pa.Stat.Annot. § 667.

11. Italics supplied.

12. Act of 1937, § 1, 52 Purdon's Pa.Stat. Annot. § 1407.

13. Legislative Journal for the Pennsylvania Senate and House of Representatives, 1937, Vol. VI, pp. 6158–6160, 6591.

have a different meaning.[14] The general doctrine also prevails in Pennsylvania that all the words and provisions of statutes are intended to have meaning and are to be given effect,[15] and that the words of a statute are not to be construed as surplusage.[16]

■ We therefore construe the Act of 1937 as requiring a showing of negligence to establish liability under it. We are reinforced in this interpretation by later Pennsylvania legislation which also indicates that the legislature knew how to distinguish the concept of strict liability from liability for negligence. Indeed, in such legislation, adopted in 1961 for anthracite coal mining[17] and in 1966 for bituminous coal mining[18] the legislature expressly granted to private parties who are injured by such operations the right to recover damages.[19] These statutes are statewide in operation and thus avoid the problem of special legislation under the Pennsylvania Constitution. Although the Act of 1966 deals with bituminous mining operations, it does not govern the present case because it became effective after plaintiffs sustained the injury of which they complain.[20]

■ Plaintiffs' action is outside the scope of the Act of 1937 since they expressly disclaim any negligence by defendant. They also concede that if they cannot recover under the statute their action is barred by the waiver of damages in their deed.[21] The action, therefore, must fail, and we need not decide the state and federal constitutional defenses asserted against it.

The judgment of the district court, therefore, will be affirmed.

14. Walton Estate. 409 Pa. 225, 237, 186 A.2d 32, 38 (1962); Commonwealth v. Moon, 383 Pa. 18, 27. 117 A.2d 96, 101 (1955); Vince v. Allegheny Pittsburgh Coal Co., 153 Pa.Super. 333, 337, 33 A.2d 788, 790 (1943); Statutory Construction Act of 1937, Act of May 28, 1937, P.L. 1019, § 51, 46 Purdon's Pa.Stat.Annot. § 551.

15. Baumer Motor Vehicle Operator License Case, 212 Pa.Super. 372, 374, 243 A.2d 472, 474 (1968); Commonwealth v. Sitkin's Junk Co., 412 Pa. 132, 138, 194 A.2d 199, 202 (1963); Act of May 28, 1937, P.L. 1019, § 51, 46 Purdon's Pa.Stat. Annot. § 551.

16. Lynch v. Owen J. Roberts School District, 430 Pa. 461, 469, 244 A.2d 1, 5 (1968); Act of May 28, 1937, P.L. 1019, § 51, 46 Purdon's Pa.Stat.Annot. § 551.

17. Act of September 20, 1961, P.L. 1538. 52 Purdon's Pa.Stat.Annot. § 672.1 et seq.

18. The Bituminous Mine Subsidence and Land Conservation Act of 1966, Act of April 27, 1966, P.L. 31, 52 Purdon's Pa. Stat.Annot. § 1406.1 et seq.

19. Act of September 20, 1961, P.L. 1538, § 7; Act of April 27, 1966, P.L. 31, § 17, 52 Purdon's Pa.Stat.Annot. § 1406.17.

20. The subsidence occurred on January 25, 1966, and the Act of 1966 became effective on the date of its adoption, April 27, 1966.

21. Scranton v. Phillips, 94 Pa. 15 (1880).