### In re PALM BROTHERS CATTLE COMPANY, alleged bankrupt.

### PETITIONING CREDITORS, Plaintiff-Appellee,

v.

### PALM BROTHERS CATTLE COMPANY, Defendant-Appellant.

### Nos. 76–11346(CKA), 77–1106(DWW).

United States District Court, C. D. California.

July 5, 1977.

Morrison & Foerster and Shutan & Trost, Los Angeles, Cal., for plaintiff-appellee.

Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for alleged bankrupt.

DAVID W. WILLIAMS, District Judge.

Appellee petitioning creditors filed on August 20, 1976, an involuntary bankruptcy petition against appellant Palm Brothers Cattle Company ("Palm"), a general partnership consisting of Robert and Kenneth Palm. In the Bankruptcy Court, Palm moved to dismiss the involuntary petition on the ground that it is a farming partnership and that farming partnerships are exempt from involuntary bankruptcy. After oral argument on the motion to dismiss, the Bankruptcy Judge entered an order on March 14, 1977, ruling that, as a matter of law, farming partnerships are not immunized from involuntary bankruptcy by the individual farmer exemption of the Bankruptcy Act. Palm appeals from that order.

The issue presented by this appeal is easily defined, but much less easily resolved. Section 4 b of the Bankruptcy Act (11 U.S.C. § 22 b) provides, in pertinent part:

"Any natural person, *except* a wage earner or *farmer,* . . . owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt." (emphasis added).

Section 1(17) of the Act (11 U.S.C. § 1(17)) defines "farmer" as:

". . . an *individual* personally engaged in farming or tillage of the soil, and shall include an *individual* personally engaged in dairy farming or in the production of poultry, livestock, or poultry or livestock products in their unmanufactured state, if the principal part of his income is derived from any one or more of such operations." (emphasis added).

The sole issue to be decided is whether Palm, a farming partnership, is properly included under the definition of "farmer" in § 1(17), so as to entitle it to exemption from involuntary bankruptcy under § 4 b of the Bankruptcy Act. I hold that Palm is not entitled to an exemption from an involuntary bankruptcy petition, and therefore I affirm the decision of the Bankruptcy Court.

Three factors tilt the balance towards the petitioning creditors on this question. First, the plain meaning doctrine speaks to the subject. It is a rule of construction dictating that when the language of a statute is clear and unambiguous, a court need not and should not resort to collateral sources to interpret it. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *Massachusetts Financial Services v. S.I.P.C.,* 545 F.2d 754, 756 (1st Cir. 1976); *Natural Resources Defense Council, Inc. v. E.P.A.,* 507 F.2d 905, 915 (9th Cir. 1974). The plain meaning of "individual" is clear and unambiguous, and it would unjustifiably strain its definition to include a partnership under its umbrella.

Second, even assuming *arguendo* that the words of the statute allow more than one interpretation, *Natural Resources Defense Council, Inc. v. E.P.A., supra,* resort to the legislative history of the Bankruptcy Act strongly suggests that Congress did not intend to include partnerships within the exemption. See generally 1 *Collier on Bankruptcy,* ¶ 4.01, at 573–78, and ¶ 4.15, at 612–14 (14th ed., 1974). In the Bankruptcy Act of 1898, the term "person" was used in § 4

b.[1]  The Act of May 15, 1935, 49 Stat. 246, had the effect of changing the definition of "farmer" used in § 4 b to include an "individual" rather than the previously used "person."  The Chandler Act, which rewrote the Bankruptcy Act in 1938, 52 Stat. 845, retained the "individual" language, which has remained to the present day, albeit moved to § 1(17).

Although a subtle nuance, the change from "person" to "individual" indicates a legislative intent to exclude partnerships from the exemption.  The Third Circuit Court of Appeals said in *Klein v. Republic Steel Corp.*, 435 F.2d 762, 765–66 (3d Cir. 1970): "It is a canon of statutory construction that where as here the words of a later statute differ from those of a previous one on the same or a related subject, the legislature must have intended them to have a different meaning."  The clue to the different meaning connoted by the word "individual" is found in the legislative history of § 75 of the Bankruptcy Act, enacted in 1933 to permit farmers to seek compositions, extensions, adjustments and reorganizations. 47 Stat. 1470.  It was the § 75(r) definition of "farmer" that evolved into the present § 1(17) definition of "farmer" applied in the involuntary bankruptcy context.  That definition of "farmer" used the word "individual", and yet when Congress deemed it desirable to include partnerships under § 75 coverage, it found it necessary to supplement § 75(r) with § 75(s)(4), which expressly applied the provisions of the act to partnerships. 49 Stat. 942.  The twofold message is clear: (1) Congress felt that § 75(r) with its "individual" language did not include partnerships and (2) Congress was quite capable of explicitly including partnerships under the coverage of particular sections of the Bankruptcy Act when it so intended.

The decision of Congress not to incorporate the terms of § 75(s)(4), while tracking the terms of § 75(r), into Chandler Act § 1(17) seems to have been by design.  If Congress had desired to exempt farming partnerships from § 4 b of the Bankruptcy Act in 1938 when the Chandler Act became law, it could have done so by the simple measure of using the word "person" as it had done in the Bankruptcy Act of 1898, or by specifically using the term "partnerships" as it had done with § 75(s)(4).  It is apparent that Congress had no such desire.

Third, the recognized rule of construction that where words of exception are used, they are to be strictly construed to limit the exception, supports the petitioning creditors' position.  *Piedmont & Northern Ry. v. ICC,* 286 U.S. 299, 311–12, 52 S.Ct. 541, 76 L.Ed. 1115 (1932); *Korherr v. Bumb,* 262 F.2d 157, 162 (9th Cir. 1958); *Israel-British Bank (London) Ltd. v. F.D.I.C.,* 536 F.2d 509, 512–13 (2d Cir.), *cert. denied,* 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 585 (1976).  Section 4 b of the Bankruptcy Act provides that any natural person, except a wage earner or farmer, owing debts of $1,000 or more may be adjudged an involuntary bankrupt.  When given a close call, as is the case here, whether farming partnerships should be included in the exception to the eligibility for involuntary bankruptcy, the above stated rule of statutory construction dictates that the benefit of the doubt be employed so as to narrow the exception, else the exception will tend to swallow up the rule.

For these reasons, I conclude that a farming partnership such as appellant Palm Brothers Cattle Company is not properly included under the definition of "farmer" in

---

1.  In addition, § 1(19) defined person to include partnerships.  Although the decision of *H. D. Still's Sons v. American National Bank,* 209 F. 749 (4th Cir.), *cert. denied,* 232 U.S. 723, 34 S.Ct. 331, 58 L.Ed. 815 (1913), offers an enticing policy argument for including partnerships within the exemption from involuntary bankruptcy, its holding must be interpreted in light of the then existing definition of "person" as including a partnership and the numerous amendments to the Bankruptcy Act which have

followed it.  Indeed, as stated in *Nadler on Bankruptcy,* § 387, at 320 (2d ed., 1965):

"The present Act has so changed the former definition of farmer as to greatly restrict the effect of the line of cases involving the judicial interpretation of the meaning of this word;  and at best, these earlier decisions are informative and helpful only in defining the meaning of the phrase, 'engaged in farming or tillage of the soil.'"

§ 1(17) of the Bankruptcy Act so as to entitle it to exemption from involuntary bankruptcy under § 4 b of the Act.

AFFIRMED.