## Stull, Appellant, *v.* Reber.

*Constitutional law—Vaccination of school children—Police power—Act of June 18, 1895, P. L. 203—Local legislation—School law.*

The Act of June 18, 1895, P. L. 203, requiring the exclusion from the public schools of children who have not been vaccinated is a valid exercise of the police power of the state. The act is not local legislation, because township school districts may possibly not be included in the act; nor does it contravene sec. 1, article X of the constitution requiring the maintenance of an efficient system of public schools wherein all children above the age of six years may be educated.

It was not the legislative intent that sections 11 and 12 of the act should be read together, and the right under section 12 to exclude unvaccinated children should be confined to the schools in the districts mentioned in section 11, namely, those in which smallpox is actually prevalent. The objects of the two sections are distinctively different. The fact that there had been no smallpox in a particular community for a period of forty years, will not relieve such community from the application of the act.

In construing the act and applying it, the courts cannot take into consideration that vaccination will not take on some children, and that a physician cannot certify that such child has been successfully vaccinated.

The fact that vaccination is the infliction of a disease, cowpox, on the subject, does not involve in the application of the act, a trespass upon the reserved rights of the individual which are beyond the reach of even the police power.

The act of June 18, 1895, is not a penal statute, and is not to be construed or administered by the rigid technical rules applicable to penal laws, but fairly according to its intent, neither narrowing it to the letter to the exclusion of cases clearly within such intent, or stretching it beyond its legitimate scope to cover matters not clearly meant to be included.

Argued March 6, 1906.   Appeal, No. 63, Jan. T., 1906, by plaintiff, from decree of C. P. Franklin Co., Equity Docket

3, page 5, dismissing bill in equity in case of Edward C. Stull v. J. H. Reber, Charles H. Coover, Chester A. Geesaman and Dr. Samuel G. Dixon. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Bill in equity for an injunction. Before ROWE, P. J.

The bill after reciting that the complainant was a resident and taxpayer of the borough of Waynesboro and that Grace Stull was his daughter of the age of fourteen years continued as follows:

" The said Grace Stull is now and has been since the beginning of the present school year or term, to wit: September 4, 1905, properly and justly enrolled as a pupil in and attending the common or public school known as A grammar school conducted in the Snider avenue school building situate in the third ward of the said borough; that she is in good health and is not suffering from any contagious or infectious disease and is legally and justly entitled to continue to attend the said school for the remainder of the school term or year and is entitled to remain enrolled as a pupil thereof.

" J. H. Reber is the superintendent of all the common or public schools of the said borough of Waynesboro; Charles H. Coover is the principal of the said Snider avenue school building and has charge of the schools therein conducted; Chester A. Geesaman is the teacher of said A grammar school in which your orator's said child Grace Stull is enrolled and in attendance as a pupil.

" There is not at the time of the filing of this bill, nor has there been for many years, any person in the said borough of Waynesboro or within many miles thereof suffering from smallpox (variola or varioloid).

" Charles H. Coover, principal of said Snider avenue school, and Chester A. Gessaman, teacher of said A grammar school conducted therein, have by order and direction of said J. H. Reber, superintendent of the common and public schools of the said borough, notified your orator and the said Grace Stull, his daughter, that she, the said Grace Stull, will be dismissed and excluded from the said A grammar school conducted in the said Snider avenue school building in which she is enrolled and in attendance as a pupil, on the 11th

day of December, 1905. And the said J. H. Reber, superintendent, Charles H. Coover, principal, and Chester A. Gessaman, teacher, as aforesaid, defendants, in violation of their statutory duty and to the prejudice of the petitioner's right in the premises, threaten and intend to dismiss and exclude the said Grace Stull from the said school on the 11th day of December, 1905.

"Your orator avers that unless restrained by your honorable court the said defendants will carry out their said threat and dismiss and exclude the said Grace Stull from the said school, whereby both the said Grace Stull and your orator will suffer great and irreparable injury for which there is no adequate remedy at law."

The bill prayed for an injunction.

The answer admitted the material averments of the bill.

The court found, inter alia, the following facts:

There is not at the time of the filing of this bill, nor has there been for a period of about forty (40) years, any person in the said borough of Waynesboro, or within many miles thereof, suffering from smallpox, (variola or varioloid).

Occasionally it is beyond the power of children of school age as well as adults to be successfully vaccinated, although they may not previously have had smallpox nor previously been vaccinated; that even repeated attempts to perform the operation of vaccination upon such children or adults is without effect and vaccination will not take. In such cases vaccination is not successful and the physician cannot certify that such child or adult has been successfully vaccinated.

Sometimes a child may be suffering from a constitutional weakness or its system may be in such an unhealthy condition as to render the operation of vaccination exceedingly dangerous to said child.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*O. C. Bowers*, with him *Sharpe & Elder*, for appellant.—When personal rights or even the rights of property are invaded under the pretense of police regulation it is the duty of the court to interfere to protect them: In re Jacobs,

98 N. Y. 98; Henderson v. Mayor of New York et al., 92 U. S. 259; Chy Lung v. Freeman, 92 U. S. 275; Mayor of Nashville v. Ray, 86 U. S. 468; East Tennessee University v. Knoxville, 6 Baxter (Tenn.), 166; Chalfant v. Edwards, 173 Pa. 246; R. R. Co. v. Husen, 95 U. S. 465; Com. v. Alger, 61 Mass. 53; Austin v. Murray, 33 Mass. 121; Watertown v. Mayo, 109 Mass. 315.

We contend further that section 12 of the act of 1895, under which the defendants claim that they are required to exclude pupils from school who do not present certificates of having been successfully vaccinated, read in connection with section 11 of the same act is special in its application in that it only applies to a child or children attending public, private, parochial, Sunday or other schools, and does not apply to teachers or adults or other persons attending such schools, from whose presence there would or might be the same danger of contagion or infection as from the presence of the child or children whose attendance is prohibited.

*Walter & Gillan* and *Frank M. Eastman*, with them *Hampton L. Carson*, Attorney General, for appellee.—Section 12 of the Act of June 18, 1895, P. L. 203, is constitutional: Jacobson v. Massachusetts, 197 U. S. 11 (25 Sup. Ct. Repr. 358); Nissley v. Hummelstown Boro. School Directors, 5 Pa. Dist. Rep. 732; Sprague v. Baldwin, 18 Pa. C. C. Rep. 568; Com. v. Smith, 9 Pa. Dist. Rep. 625; Gerhard v. Packer Twp. School Dist., 24 Pa. C. C. Rep. 339; Cousins v. Burgie, 13 Pa. Dist. Rep. 368.

The act is a proper exercise of police power: Penn. R. R. Co. v. Riblet, 66 Pa. 164; Powell v. Com., 114 Pa. 265.

The police power permits compulsory vaccination: Com. v. Jacobson, 183 Mass. 242 (66 N. E. Repr. 719); Morris v. Columbus City, 42 L. R. A. 175.

Exclusion of unvaccinated pupils is sustained in other states: Viemeister v. White, 179 N. Y. 235 (72 N. E. Repr. 97).

The act of 1895 is not a special or local law: Com. v. Smith, 9 Pa. Dist. Rep. 350; Sprague v. Baldwin, 18 Pa. C. C. Rep. 568; Buckley v. Eckert, 3 Pa. 368; Slatterly v. Murphy, 8 Luz. L. Reg. 272.

Sections 11 and 12 of the act of 1895 are not to be construed together: Nissley v. School Directors, 5 Pa. Dist. Rep. 732.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 7, 1906:

The substantial question in this case is whether the Act of June 18, 1895, P. L. 203, requiring the exclusion from the public schools of children who have not been vaccinated is a valid exercise of the police power of the state. It has been twice so decided by this court. In Duffield v. School District of Williamsport, 162 Pa. 476, a similar regulation not even enacted by the legislature but enforced by the school directors under an ordinance of the city of Williamsport was held valid. And in Field v. Robinson, 198 Pa. 638, this very statute of 1875 was held constitutional. It appears to be thought that because the decision was given in a brief opinion per curiam the subject was not fully considered. But the proper inference is precisely the reverse, that the conclusion was so perfectly clear to the whole court that it did not require any extended argumentative support.

After these two decisions the question ought to have been considered as closed. But we have it raised again with small variations of facts and considerations, none of which are at all material.

On the constitutional question it is said that section 12 of the act contravenes sections 7 and 8 of article III of the constitution in that it is local and special legislation, regulating the affairs of school districts. The terms of the act apply expressly to the "several municipalities" of the state, and it is argued that they do not include school districts in townships and therefore make an unwarranted distinction in regard to such districts. Whether townships are municipalities within the intent of the act it is not now necessary to consider. Even if not, the separate classification of school districts in cities and boroughs with reference to public health where population is dense and the danger of contagion great, would not be unconstitutional: Sugar Notch Borough, 192 Pa. 349.

But the act is in no proper sense a regulation of school districts. It is an act entitled "for the more effectual protection of the public health in the several municipalities of the commonwealth" and is a general statute on that subject. What bearing it has on schools and school districts is altogether incidental to them as constituents of the community. The constitutional restrictions on special legislation apply to direct legislation, not

to the incidental operation of statutes constitutional in themselves upon other subjects than those with which they directly deal: Sugar Notch Borough, 192 Pa. 349.

It is further said that sec. 12 contravenes sec. 1 of article X of the constitution, requiring the maintenance of an efficient system of public schools wherein all children above the age of six years may be educated. It is sufficient to say that this article like all others must be construed and applied in connection with other fundamental governmental powers. The schools and school children, important as they are, are only fractions of the community and the police power of the commonwealth in the preservation of the public health must, if necessity arises, sacrifice the less to the greater interest. Salus populi suprema lex. If a child manifestly suffering from smallpox in its contagious stage should be excluded from school, it is hardly conceivable that the propriety of such action should be questioned. At what period before or after the outbreak of the disease the right of exclusion should arise is a legislative not a judicial question. As said by our late Brother WILLIAMS in Duffield v. School District, 162 Pa. 476, already cited : " It is conceded that the board might rightfully exclude the plaintiff's son if he was actually sick with, or just recovering from, the smallpox. Though he might not be affected by it, yet if another member of the same family was, the right to exclude him notwithstanding he might be in perfect health, would be conceded. How far shall this right to exclude one for the good of many be carried ? That is a question addressed to the official discretion of the proper officers ; and when that discretion is honestly and impartially exercised the courts will not interfere." These words it should be remembered were written with reference to authority exercised under a city ordinance, and a fortiori when the police power of the state intervenes under the authority of a statute its directions are commands that may not be disputed.

It is further argued that sections 11 and 12 of the act should be read together, and the right under section 12 to exclude unvaccinated children should be confined to the schools in the districts mentioned in section 11, namely, those in which smallpox is actually prevalent. But this is manifestly not the legislative intent. Section 11 deals with a present and immediate danger, with persons, dwellings and places where the disease

actually prevails, and its prohibition includes adults as well as children, vaccinated or not. Section 12 on the contrary is a cautionary and prospective regulation, having in view not the actual presence of the disease, but its appearance in the future. The objects of the two sections are distinctly different.

In this connection the learned judge below found as a fact " that there is not at the time of the filing of this bill, nor has there been for a period of about forty years any person in the said borough of Waynesboro or within many miles thereof, suffering from smallpox (variola or varioloid)." And it is argued that this feature distinguishes the case from those heretofore decided by this court. But the language of the act is general and its intent plain. The legislature may well have had in mind that the good fortune of such a community may not continue indefinitely. Immunity for forty years in the past affords no guaranty of immunity for even forty days in the future if a chance visitor from an infected locality or a borough resident returning from a visit to such locality should bring with him the germs of infection. Section 12 is precautionary and preventive, and it is an old and sound maxim that an ounce of prevention is worth a pound of cure.

There is one hardship in the twelfth section that may deserve consideration with a view to a possible remedy. The court below found as a fact " that occasionally it is beyond the power of children of school age as well as adults to be vaccinated, although they may not previously have had smallpox nor previously been vaccinated; that even repeated attempts to perform the operation of vaccination upon such children or adults is without effect and vaccination will not take. In such cases vaccination is not successful and a physician cannot certify that such child or adult has been successfully vaccinated." The health authorities, state or local, might well consider whether they have power to make a regulation as to what should be deemed a successful vaccination or its equivalent; whether the ratio of such immune children is of sufficient importance to justify the exercise of such power if possessed; and whether such regulation would be undesirable as affording opportunity for the evasion of the statute. The latter, however, are medical and administrative rather than judicial questions.

Lastly, it is argued that construing section 12 as we have

done it authorizes a trespass upon the reserved rights of the individual which are beyond the reach of even the police power. Vaccination, it is said, is the infliction of a disease, cowpox, on the subject and if that can be done irrespective of his consent then the next step may be to require submission to inoculation with antitoxin or serum for diphtheria, tuberculosis, cancer, etc., and we have rather a dismal picture of the possible consequences. It will be time enough to consider such matters when they arise. At present the vast preponderance of opinion among intelligent and educated people, under the guidance of the best medical authority, is that vaccination is a highly useful ameliorative if not always a preventive of one of the greatest scourges that have in past times afflicted humanity, and that the regulation of it by statute is not only a justifiable but a wise and beneficent exertion of the police power over the public health. When the legislature goes beyond that into new or more debatable fields, it will be time enough to consider the limits of its power.

One expression in the opinion of the court below, and in some of the cases cited in the argument, requires a passing note. The act is not a penal statute. It is a broad general act relating to the health of the whole population of the commonwealth. It is not, therefore, to be construed or administered by the rigid technical rules applicable to penal laws, but fairly according to its intent, neither narrowing it to the letter, to the exclusion of cases clearly within such intent, nor stretching it beyond its legitimate scope to cover matters not clearly meant to be included. It is an act touching very closely common rights and privileges and therefore specially requiring a common-sense administration.

Decree affirmed.