## GILLIN v. BOARD OF PUBLIC EDUCATION OF CITY OF PHILADELPHIA et al.

(District Court, E. D. Pennsylvania.  May 9, 1918.)

No. 1709.

COURTS ⬅282(3)—FEDERAL JURISDICTION—DUE PROCESS OF LAW.

A citizen of Pennsylvania refused to have his children of school age vaccinated, whereupon they were denied admission to school. After every opportunity to present his defense, he was convicted of violating the school law requiring parents to send their children to school. *Held* that, as Const. Amend. 14, prohibiting states from depriving citizens of life, liberty, or property without due process of law does not guarantee a citizen, who is allowed to present his defense, against errors of judicial judgment, proceedings for a subsequent violation of the school law cannot be enjoined by a federal court, on the theory that the state decisions were erroneous, and thus denied the citizen due process of law.

In Equity.  Bill by William J. Gillin against the Board of Public Education of the City of Philadelphia and others.  Sur motion to dismiss bill.  Bill dismissed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. Oscar Beasley, of Philadelphia, Pa., for plaintiff.

Ernest Lowengrund, Asst. City Sol., and John P. Connelly, City Sol., both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This motion is the equivalent of a demurrer. The facts are not in dispute, and it is the view of the capable counsel who represent the respective parties that all questions which would arise upon final hearing are now presented. It is because of this the wish of all that the case be disposed of on this motion. The case had its beginnings in the school laws of the state of Pennsylvania. We have not examined into these laws, nor the rulings of the state courts in construing them, because in the first-impressions view taken of the merits of the bill such examination was not necessary. To this view we adhere.

We accept the very clear analysis made by counsel for the plaintiff of the legal predicament in which his client is placed. Counsel is widely known to have given much thought to this legislation and to be familiar with its subject-matter in all its features, and the argument addressed to us was earnest and exhaustive of all which was worth being urged in argument. Because of this we have given more space to its discussion than we otherwise would. The general situation is thus presented:

Part of the legislation in question has for its object the requirement of a school education. Resistance to its commands invites the imposition of a penalty. Another part of such legislation has for its motive the preservation of the public health by the requirement of vaccination, thus preventing the spread of infectious diseases. This latter provision has no penal sanction. The provision, however, is that unvaccinated pupils may be denied admission to the public schools. The predicament is thus presented: A parent (the plaintiff) refuses to send his children to a school. He thereby incurs a penalty. He refuses to subject them to vaccination. He thereby incurs no penalty. The same parent (the plaintiff) sends his children to school. They are unvaccinated, and admission is denied them. The parent, not having sent them to a school, is then subjected to the penalty. The plaintiff complains of this as the imposition of a penalty for his refusal to comply with the vaccination requirement, which carries no penalty.

It is to be first observed that all the law which is involved (at least primarily) is state law. The person to whom the law may be held to apply is a citizen of the state, the authority and meaning of the laws of which are involved. No federal question is raised, nor has a federal court (in this presentation of the question) jurisdiction of the subject-matter. Jurisdiction is only asserted by virtue of the Fourteenth Amendment. The substantial purpose of this amendment (aside from its historical purpose) was to give constitutional recognition to the dual status of those "born or naturalized in the United States and subject to the jurisdiction thereof," as citizens of the United States and also citizens of the states in which they resided, and to protect them against any denial of their legal rights as such citizens. When the question of right is limited to rights arising under state law, what

is the right which belongs to a citizen of the United States? Is it anything more than the right which is expressed in the phrase of being accorded the due process of the law?

Every litigant naturally feels that he is entitled to two very substantial rights, and indignantly resents the denial of either. One is to have his cause determined in accordance with the mode provided by law for its decision. The other is to have it justly decided in the sense of the decision being correct, or without error of judgment. The first is admittedly his right. In the legal or constitutional sense is he entitled to more? Presented in another way, does the Fourteenth Amendment protect him against errors of judicial judgment? These questions direct the finger to what seems to us to be the real point of this case, and the real complaint of the plaintiff as viewed by this bill.

Through his right to "due process of law," he has the right to have the state tribunals pass upon his defense, and to have the case conducted through all its appellate stages until it reaches the highest court of the state, and, if any federal, constitutional, or other question is involved, to carry it to the Supreme Court of the United States. There is no complaint of a denial of this right. His real complaint is that he was charged with noncompliance with the requirements of the laws of the state, and the statutory penalty was imposed by a magistrate. From this judgment he appealed to the proper court sitting for the county. That court affirmed the judgment. From this he appealed to the Superior Court, with a like result. He then made his appeal to the Supreme Court of the state, and the result was, so far as the state tribunals might have relieved him, a final disappointment.

Of what does he now complain? Not that he was denied "due process of law," or even that his defense was not fully and fairly heard and the cause impartially determined; but his real complaint is that the questions of law should have been determined otherwise than as decided. He then again refused compliance with the state statutes, and, anticipating (as he is of course justified in doing) that the law of the case would be found to be as it was before found to be, he asks this court to stay the hands of the state authorities.

We have not followed the argument by which the state courts are asserted to be convicted of error in the rulings made. We are willing to assume like rulings would again be made. We base our refusal to interfere on the sufficient ground that the Fourteenth Amendment contains neither mandate nor authority for us to interfere, and it seems to us that the statement of the proposition as presented suggests its own supporting argument. There is no occasion to call in the support of the line of cases which hold that the construction given a state Constitution or statute by its own judicial tribunals is authoritative and controlling, where no federal question is involved.

The bill of complaint is dismissed for want of equity, with costs to defendants.