# Commonwealth *v.* Butler, Appellant.

*Criminal law — Violation of Act of May 18, 1911, P. L. 383 (School Code)—Sections 1414-1423—Attendance—Nonattendance —Vaccination—Act of June 5, 1919, P. L. 399.*

A conviction of a violation of section 1414 of the Act of May 18, 1911 (School Code), P. L. 383, providing for the compulsory attendance at school, will be sustained where it appeared that the defendant had refused to allow his son to be vaccinated and, in consequence, had rendered him ineligible for attendance at schools.

In such case it was irrelevant to inquire into the effect upon the defendant of a particular vaccination, and he could not be permitted to introduce testimony of the effect of certain vaccinations on other persons.

An offer to prove certain regulations as to the exemptions of school children from vaccination was also properly excluded where

no offer of proof was made to bring the case of the defendant's son under the exceptions in the Act of June 5, 1919, P. L. 399.

A school district is reasonably embraced within the designation of "municipality" and as such is comprehended in the provisions of the Act of June 18, 1895, P. L. 203, requiring compulsory vaccination for the public health "in the several municipalities" of the Commonwealth.

Argued December 6, 1920. Appeal, No. 309, Oct. T., 1920, by defendant, from judgment of Q. S. Centre County, Dec. sessions, 1919, No. 23, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Burdine Butler. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for violation of sections 1414-1423 of the School Code of 1911, P. L. 383-386. Before QUIGLEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court and various rulings on evidence as set forth in the opinion of the Superior Court.

*S. D. Gettig,* and with him *John J. Bower,* for appellant.—The defendant should have been allowed to testify as to his reasons for not having his son vaccinated: Leeds v. Com., 83 Pa. 453; Garrigues v. Harris, 17 Pa. 344; Allen v. Willard, 57 Pa. 374; Thommon v. Kalbach, 12 S. & R. 238; Brown v. Clark, 14 Pa. 469; Holler v. Weiner, 15 Pa. 242.

Howard Township is not a municipality within the meaning of the Act of June 18, 1895, P. L. 203, as amended by the Act of June 5, 1919, P. L. 399: Stull v. Reber, 215 Pa. 158; Shronk v. Supervisors of Penn Township, 3 Rawle 346; American Telegraph & Telephone Co. v.

Reed, 15 D. R. 649, see 651; Haverford Township v. Wilfong, 60 Pa. Superior Ct. 214; Dempster v. United Traction Co., 205 Pa. 70; Com. v. Beamish, 81 Pa. 389; Wharton et al. v. The School District of Cass Township, 42 Pa. 358.

*J. C. Furst*, District Attorney, and with him *Spangler & Walker*, for appellee, cited: Com. v. Aiken, 64 Pa. Superior Ct. 96; Com. v. Gillen, 65 Pa. Superior Ct. 31; Stull v. Reber, 215 Pa. 156; Field v. Robinson, 198 Pa. 638; Rapho and West Hempfield Townships v. Moore, 68 Pa. 404; Otto Township v. Wolf, 106 Pa. 610; Coxe's Case, 11 Pa. C. C. 639; Dreese v. Freed, 42 Pa. C. C. 246; Keeler et al. v. Westgate et al., 10 Pa. D. R. 241; McCormick v. Hanover Township, 246 Pa. 172; McLaughlin v. Corry, 77 Pa. 112.

OPINION BY LINN, J., March 5, 1921:

Defendant was convicted by a justice of the peace pursuant to section 1423 of the School Code of 1911, P. L. 386, for noncompliance with section 1414, P. L. 383, requiring the attendance of defendant's son in school. Defendant appealed to the quarter sessions under section 1423. He was there indicted and convicted. He does not complain of that disposition of the case by indictment and trial by jury as distinguished from a trial by the court of an appeal from a summary conviction, but alleges (1) that certain errors were made in excluding evidence offered by him, (2) that the learned trial judge erred in instructing the jury, and (3) in refusing a new trial.

The prosecution grew out of defendant's refusal to have his son vaccinated. He is a resident of Howard Township, a school district of the fourth class. Section 1414 and succeeding sections provide for compulsory attendance in school with certain exceptions; defendant's son was not within any of the exceptions and is therefore required to attend the school in question. He took his

son to the proper school several times, but admission was refused by the teacher because defendant declined to produce the certificate of vaccination required by section 1 of the Act of June 5, 1919, P. L. 399, amending section 12 of the Act of June 18, 1895, P. L. 203, entitled "An act to provide for the more effectual protection of the public health in the several municipalities of this Commonwealth." Defendant frankly put his refusal to comply with the law upon a general objection to vaccination and not upon any particular circumstances affecting the son. Before this proceeding was brought, defendant was served with the notice required by section 1423, P. L. 386, and pursuant to it he appeared before the school board and stated "......he wouldn't have his children vaccinated."

(1) The first and second assignments of error complain of the refusal to receive evidence that (a) the defendant himself had been vaccinated and "that said vaccination resulted in serious physical ill effects to him"; (b) that others had been vaccinated with ill effects. It was irrelevant to inquire into the effect upon himself of a particular vaccination, and it was not only irrelevant but also incompetent to permit him and the other witnesses named in the second assignment to testify to the effect of certain vaccinations upon the persons about whom it was proposed to interrogate the witnesses. The third assignment complains of the exclusion of testimony offered by Dr. Kurtz, a witness called by defendant, to prove "certain regulations as to exemptions of school children from vaccination......that the regulations have provided for two classes of exemptions...... that one of them is in regard to the exception to the effect that the pupil might be in such condition of health that vaccination would be physically dangerous, and the other, the exception where there has been three unsuccessful attempts at vaccination." Defendant justified his conduct by a general objection to vaccination. He made no offer of proof to bring the case of his son within

the exceptions; the evidence was properly excluded: See generally Duffield v. School District, 162 Pa. 476; Field v. Robinson, 198 Pa. 638; Com. v. Aiken, 64 Pa. Superior Ct. 96; Com. v. Gillen, 65 Pa. Superior Ct. 31; Stull v. Reber, 215 Pa. 156; Jacobson v. Mass., 197 U. S. 11.

2. The fourth assignment complains that the learned trial judge erred in stating to the jury that defendant was charged with violating section 1414 of the School Code and in reading it to the jury; the fifth that he stated there was no contradiction of the fact that defendant did not comply with that section; the sixth that he told the jury that defendant's general opposition to vaccination was no excuse; the seventh finds fault with the instruction that the jury must satisfy itself beyond a reasonable doubt whether the School Code had been violated and whether any legal justification has been shown, as to which the judge said "......while it is a question of fact, we do not discover that the defendant has presented any legal justification"; the eighth assignment is to a refusal to comply with a request made after the conclusion of the general charge, that the jury be instructed concerning the effect of section 1510 (P. L. 393); to this prosecution the court stated it was inapplicable.

In their argument the learned counsel for defendant group assignments four to eight inclusive. They do not specify in what respect the court erred, but seem to suggest that it was wrong to speak of a violation of the School Code when—counsel say—the real grievance was the refusal to comply with a law requiring vaccination. There is no confusion in the charge; the School Code requires compulsory attendance subject to certain exceptions; no attempt was made to bring defendant's son within any exception and the evidence warranted the comments of the learned trial judge. Moreover this case came into the quarter sessions by appeal from a summary conviction; the court itself might have heard the

evidence and have found the facts; the assignments are overruled.

3. The ninth assignment is to the refusal to grant a new trial and to this the learned counsel for defendant devote most of their argument, thus stating the question: "Is Howard Township School District a municipality under the provisions of the Act of June 18, 1895, P. L. 203, and the amendments thereto?" That question must be answered in the affirmative. As we have had occasion to consider it at this term, and have stated our reasons for the conclusion in the opinion filed by President Judge ORLADY in Commonwealth v. Wilkins et al., 75 Pa. Superior Ct. 305, we need not repeat them here. The ninth assignment is overruled.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.