## Commonwealth ex rel., Appellant, *v.* Wilkins et al.

*School law—Health law — Constitutional law — Vaccination— Township—Mandamus—Jurisdiction—Parties—Commonwealth as party—Dauphin County Common Pleas—Public officers—Acts of April 7, 1870, P. L. 57; June 18, 1895; April 22, 1903, P. L. 244, and June 5, 1919.*

1. The Acts of June 18, 1895, P. L. 203, April 22, 1903, P. L. 244, and June 5, 1919 P. L. 399 relating to the vaccination of school children are constitutional.

2. A township is a municipality within the meaning of those acts.

3. Under the Act of April 7, 1870, P. L. 57, the Court of Common Pleas of Dauphin County has jurisdiction of all cases in which the Commonwealth sues in her own right, even though, at

her option, she may also sue in the courts of common pleas of other counties.

4. The Commonwealth at the relation of the attorney general, is the proper plaintiff in a writ of mandamus seeking to procure the enforcement of a public duty.

5. A mandamus may issue to compel a public official, charged with the enforcement of a statute, to perform his duty, even though he is thereby subjected also to a penalty for failing so to do; and this is true of the Acts of 1895, 1903 and 1919 above specified.

6. Unless it is expressly provided otherwise, the courts will presume the Commonwealth reserves to herself the right to mandamus her officials to perform their duty.

7. An indictment is merely punitive and not remedial; hence it cannot take the place or usurp the functions of a madamus, which seeks specific relief by commanding the performance of a public duty.

Argued October 3, 1921. Appeal, No. 9, May T., 1921, by plaintiff, from order of C. P. Dauphin Co., Commonwealth Docket 1920, No. 9, dismissing petition for writ of mandamus, in case of Commonwealth ex rel. William I. Schaffer, Attorney General, v. M. T. Wilkins et al., School Directors of Millcreek Township School District. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Reversed.

Petition for writ of mandamus. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Petition dismissed. The Commonwealth appealed.

*Error assigned,* inter alia, was order, quoting it.

*George Ross Hull,* Deputy Attorney General, with him *George E. Alter,* Attorney General, for appellant.— While we concede the general proposition that mandamus will not issue where there is another adequate and specific remedy at law, it is equally clear under the authorities that an indictment, or the imposition of a penalty for failure to perform a public duty is not such a

specific and adequate remedy as will preclude the is-. suance of a mandamus directing the performance of that duty: King v. Ry., 2 Barn. & Ald. 646; Queen v. Ry., 10 A. & E. 531; State v. Holliday, 3 Halstead 205 (Supreme Ct. of N. J.); Trenton Water P. Co. (N. J.), Spencer 659; Com. v. Johnson, 2 Bin. 275; Porter Twp. Overseers v. Overseers, 82 Pa. 275; St. David's Church v. Sayen, 244 Pa. 300.

*A. M. Milloy,* of *Milloy & Gilson,* for appellees.—The duty of appellees is fixed in section 12 of the Act June 18, 1895, P. L. 203, as amended by Act June 5, 1919, P. L. 399.

The penalty to which appellees are subject for failure to perform this duty, is fixed in section 21 of Act 1895; as amended last by the Act of 1919.

The writ will not issue for substantial reasons: Com. v. Fitler, 136 Pa. 129; Shisler v. Phila., 239 Pa. 468; Com. v. Mitchell, 2 P. & W. 517; Com. ex rel. v. Thomas, 163 Pa. 450; Baker & Vandewarker's Petition, 44 Pa. 440; Reading v. Com. ex rel., 11 Pa. 196; Garman et al. v. Twp., 1 Pa. Dist. R. 530; Sparhawk v. Ry., 54 Pa. 401; Com. v. Smith, 266 Pa. 511.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

The Commonwealth, by its attorney general, filed a petition in the Court of Common Pleas of Dauphin County, praying a writ of peremptory mandamus to compel appellees, who are three of the five school directors of Millcreek Township School District, to dismiss certain children from the public schools, they having been admitted in violation of the provisions of the Act of June 18, 1895, P. L. 203, and the amendatory Acts of April 22, 1903, P. L. 244, and June 5, 1919, P. L. 399; an answer was filed, the writ was refused and the Commonwealth appeals.

The facts, which are not disputed, are as follows: Appellees gave orders, against the protests of the mi-

nority of the school board and in violation of the statutes above referred to, that all children of school age should be admitted to the public schools in said district; by reason thereof certain named children had been admitted though they had not been vaccinated and had not had smallpox; and appellees had refused to dismiss them and claimed the right to admit others under like circumstances. Later, appellees were indicted, tried, convicted and fined, for this violation of the provisions of the statutes, and the sentences were affirmed: Com. v. Wilkins, 75 Pa. Superior Ct. 305.

The questions raised by the pleadings are: (1) Are the above statutes constitutional? (2) Is the township a municipality within the meaning thereof? (3) Had the Court of Common Pleas of Dauphin County jurisdiction of the case? and (4) Was the Commonwealth's sole remedy the punishment inflicted on appellees under the penal section of the acts? The court below decided the first three in favor of the Commonwealth, and the fourth in favor of appellees.

The first two of these questions have already been decided in the State's favor in Stull v. Reber, 215 Pa. 156; Com. v. Aiken, 64 Pa. Superior Ct. 96; Com. v. Gillen, 65 Pa. Superior Ct. 31; Com. v. Wilkins, supra, and Com. v. Butler, 76 Pa. Superior Ct. 113, and we have no desire to add anything to what is there said.

Nor is there any real difficulty in determining that the proceedings were properly begun in the court below. By the Act of April 7, 1870, P. L. 57, it is provided that "The Court of Common Pleas of the County of Dauphin, is hereby clothed with jurisdiction, throughout the State, for the purpose of hearing and determining all suits, claims and demands whatever, at law or in equity, in which the Commonwealth may be the party plaintiff, for accounts, unpaid balances, unpaid liens, taxes, penalties and all other causes of action, real, personal and mixed." The remedy which this act was intended to provide, compels an approval of the conclu-

sion reached by the court below; for its evident purpose is that the Commonwealth, when suing in her own right, shall be allowed to prosecute her claims at the seat of government, and not be required to go to other parts of the State, where the defendants happen to reside. The fact that, under other legislation, she has also the privilege of proceeding wherever the defendants may be found and served with process, is beside the question; for this does not repeal the Act of 1870, either expressly or by implication, and hence she still has the absolute right to litigate her claims in Dauphin County, if she chooses so to do.

A doubt, expressed at bar, as to whether or not the writ should have been issued at the relation of the attorney general, is answered by the fact that where, as here, it "is sought to procure the enforcement of a public duty," this is the proper practice, both at common law and under section 4 of the Act of June 8, 1893, P. L. 346; we so declared in Com. ex rel. the Attorney General v. Mathues, 210 Pa. 372, and this also is in effect our conclusion in Stegmaier v. Jones, 203 Pa. 47, and Com. ex rel. v. Powell, 249 Pa. 144.

The last question raised is: "Was the Commonwealth's sole remedy the punishment inflicted on appellees under the penal provisions of the acts?" The court below sets forth its conclusion in these words: "We take the law to be that where an act otherwise indifferent is made penal by legislative enactment, the remedy provided by the act for its enforcement is exclusive, and remedy by injunction or mandamus is not available unless some purpose is to be served in addition to the simple enforcement of [its] provisions." We are not inclined to disagree with this statement of the law, if properly understood, but only with its applicability to the present case; for here there is no "remedy provided by the act for its enforcement." There is a penalty provided for those who refuse to enforce it, but this

is a vastly different thing from an "enforcement of [its] provisions."

The basis of the opinion below is that since the statute provides no other penalty for its infraction, none other can be imposed; and this is true so far as penalties are concerned, but the rule of construction relied on goes no further. It might just as well be said that because an act simply provided that embezzlement of public funds should be punished by fine and imprisonment, there could be no recovery by a civil action against the embezzler. It is rare indeed that a statute expresses the fact that existing remedies for its enforcement are reserved, nor is it requisite it should do so; yet this is the necessary conclusion from the opinion below, which says, in effect, that because no such reservation is expressed, the legislature must have intended that, by simply paying a fine, public officials, charged with the duty of preventing the spread of contagious diseases, can obtain a right to neglect their duty and subject the people to the risk of contagion, against which the statute was intended to secure them. This is, of course, unsupposable; when the Commonwealth declares her public policy on such important state matters, instead of it being necessary to reserve the right to proceed, the courts will always presume,—in the absence of an express provision otherwise,—that she retains the right to pursue every existing means necessary to compel her officials to enforce that policy.

It is not necessary to consider under what circumstances a private party may maintain an action to recover damages for injuries resulting from a breach by defendant of a statutory duty, when the act prescribing it provides a penalty for its violation, but does not expressly declare the party injured may sue because thereof. Perhaps our cases on this point are not wholly reconcilable, at least if full weight is to be given to the dicta therein (Mack v. Wright, 180 Pa. 472; Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617; Westervelt

v. Dives, 231 Pa. 548; Brynelson v. Concrete Steel Co.,
239 Pa. 346; Danner v. Wells, 248 Pa. 105); but they
are all beside the present question, which is, as stated:
Can a public officer be compelled to perform the duties
of his office, even though he may be punishable by fine
or imprisonment, or both, if he does not? Upon this
point there should not be any doubt; nor is there in this
State.

The court below cites no cases for its conclusion, and
the only decisions of ours, cited by appellees as sustaining it, are Reading v. Com. ex rel., 11 Pa. 196, and Com.
v. Smith, 266 Pa. 511, which are not even in point, much
less controlling. In the former, which was an application by a private relator to compel the defendant to
abate a continuing public nuisance, it was held that
since, in such cases, "the proper sentence......is that
the defendant stand committed till he abates it, at his
proper cost," mandamus would not lie because there is
an adequate and specific remedy at law to reach the end
sought; in the latter, there was no duty imposed on the
defendants, in regard to the subject-matter of the complaint, and hence there was none which they could be
required to perform. Nor is the Act of March 21, 1806,
4 Smith's Laws, 332, in point, for here "a remedy is
[not] provided......and no penalty [is to be] inflicted,
or anything done agreeably to the provisions of the common law......[except such as] shall be necessary for
carrying such act or acts into effect."

The true rule is that expressed in High or Extraordinary Legal Remedies (3d ed.), section 18: "It is well
established that the existence of a remedy by indictment for the omission of duty or other grievance complained of, constitutes no objection to granting the extraordinary aid of a mandamus. An indictment, at the
most, is merely punitive, and not remedial in its nature,
and can only punish the neglect of duty, without compelling its performance. It cannot, therefore, take the
place or usurp the functions of a mandamus, which af-

fords specific relief by commanding the performance of the identical thing sought." To the same effect are Wood on Mandamus and Prohibition (3d ed.) 80, 18 Ruling Case Law 135, 26 Cyc. 173, and our own cases of Com. v. Johnson, 2 Binney 275, and Overseers of Porter v. Overseers of Jersey Shore, 82 Pa. 275.

It was said at bar that, since the affirmance of their conviction by the Superior Court, appellees have been obeying the law, exactly as the Commonwealth contends they always should have done. If this be so, and they continue to do it, the writ of peremptory mandamus need not be issued.

The judgment of the court below is reversed at the cost of appellees, and the record is remitted with directions to forthwith enter judgment for the Commonwealth, and thereafter to issue a writ of peremptory mandamus against the appellees, M. T. Wilkins, Burt Thomas and J. Ross Barney, whenever it shall be found necessary so to do.