## Commonwealth v. Holben.

*School law—Refusal of parent to send children to school—Fear of teacher who had assaulted child—Health of child—Trial—Act of May 18, 1911, P. L. 309.*

1. A parent cannot set up as a ground for his refusal to send his children to school that a teacher had assaulted one of his children and had a verdict rendered against him for such assault and that the board had reappointed the teacher.

2. An allegation of ill-health of children as a ground for not sending them to school must be first submitted to the school directors, and, until that is done, the court is without power to pass upon it.

3. Not decided, whether trial by jury is the proper remedy for trying an appeal from a summary conviction for failure to send children to a public school.

Motion for new trial and arrest of judgment. Q. S. Lehigh Co., Jan. Sess., 1926, No. 5.

*Fred B. Gernerd,* for petitioner.

*Orrin E. Boyle,* District Attorney, and *Lawrence H. Rupp,* contra.

RENO, P. J., March 8, 1926.—The defendant was convicted of violating the compulsory attendance provisions of the School Code (Act of May 18, 1911, §§ 1414 and 1423, P. L. 309). The Commonwealth established that defendant refused to send his children of school age to the public schools, although formally notified to do so.

The defendant advanced two grounds of defence. He offered to show that during the school term of 1923-24 his son had attended one of the schools in the district and was there assaulted by a teacher against whom a verdict was rendered by a jury in the Court of Common Pleas of this county; that, after that verdict, the board of school directors had promised not to reappoint that teacher, but that, in violation of the promise, the teacher was again

employed, and that, because of the fear entertained by his children of that teacher, defendant had refused to send his children to school. We refused to admit the evidence supporting this defence, and this ruling is assigned as error. The answer to this contention may be stated in a few words. Clearly, the defendant refused to send his children to school because of his objections to the teacher. Whether or not he had reasonable grounds for the objection is beside the point; the fact remains that his refusal was predicated upon his belief that the teacher was an unfit person to have charge of the education of his children. This cannot constitute a defence to a charge of violating the act; if, for no other reason, surely because courts are not vested with authority to examine and pass upon the exercise of the discretion and judgment which the law casts upon the school directors. Upon them is conferred the power of electing the teachers, and as long as they do not violate any provisions of the law concerning the election of teachers, the courts are without authority to interfere. Any other doctrine would constitute the courts supervisors of the processes of education; a serious encroachment by the judiciary upon an independent department of government. Besides, it simply cannot be that, in the teeth of the plain mandate of the act, the defendant can refuse to send his children to school whenever the teacher elected by the board does not meet his approval. To permit him to do so would constitute him the judge of facts of which the law makes the school directors the final arbiters. This conclusion, as well as that announced in the succeeding paragraph, is sustained by a host of authorities, of which the following are typical: McCrea v. School District, 145 Pa. 550; Com. v. Wenner, 211 Pa. 637; Toye v. School District, 225 Pa. 236; Roth v. Marshall, 158 Pa. 272; Com. v. Board of Public Education, 187 Pa. 70; Mason v. School District, 242 Pa. 359; Gilfillan v. Fife, 266 Pa. 171; Kell v. Rudy, 1 Pa. Superior Ct. 507; Com. v. Aiken, 64 Pa. Superior Ct. 96; Com. v. Gillen, 65 Pa. Superior Ct. 31; Com. v. Wilkins, 271 Pa. 523; Com. v. Butler, 76 Pa. Superior Ct. 113. And see especially the illuminating opinion by Judge Endlich in Com. v. Hammer, 9 Dist. R. 251.

Defendant also offered to show that the health of his children was such that they were not fit to attend school. Defendant was allowed to show this if he also offered to prove that he had notified the board of this fact. This ruling was based upon section 1415 of the Code, which, in part, provides that "the board . . . may, upon satisfactory evidence being furnished to it, showing that any children are prevented from attending school . . . on account of any mental, physical or other urgent reasons, excuse such child or children from attending school." Thereby the board is constituted the first forum to pass upon the sufficiency of the excuse, and until evidence has been submitted to it, the health of children cannot be submitted here as a ground of defence. No evidence, satisfactory or otherwise, was submitted to the board; both defendant and his wife testified that they had not notified the board of the fact.

It will be noted that the defendant was tried by a jury. Whether or not this is the correct method of trying an appeal from a summary conviction under the School Code is not raised by defendant. Indeed, having applied for a trial by jury, he could not be heard to allege error in its granting.

Counsel for defendant having stated, during the argument, the efforts made by him to compose the differences between his client and the school authorities, we must not conclude this opinion without commending him for the zealous and conscientious efforts which he has put forth. We trust that he may bring these efforts to a successful conclusion. The school authorities having agreed to allow defendant's children to attend another school within the district,

Commonwealth v. Holben.

which is not much farther from his home than the school to which his children were heretofore assigned, defendant should follow the advice of his able counsel and send them there. Any other course constitutes not only a violation of the law, but also a grave injustice to his children.

Now, March 8, 1926, the motions for new trial and in arrest of judgment are overruled and dismissed. Defendant will appear within ten days of this date for sentence.

From Edwin L. Kohler, Allentown, Pa.