## MARSH v. EARLE, Governor, et al.
### No. 1330.

District Court, M. D. Pennsylvania.
Aug. 17, 1938.

386

H. Eugene Gardner, of Glenside, Pa., Andrew G. Smith, of Pittsburgh, Pa., Walter Compton and Harold R. Prowell, both of Harrisburg, Pa., and Ralph Sheetz, of Enola, Pa., for plaintiff.

Guy K. Bard, Atty. Gen., and James H. Thompson, Sp. Deputy Atty. Gen., and L. Floyd Hess and Edwin Blumenthal, both of Carlisle, Pa., for defendants.

JOHNSON, District Judge.

This is a motion equivalent to a demurrer to dismiss a bill of complaint praying for an injunction to restrain defendants from enforcing the provisions of the compulsory school attendance laws of the state of Pennsylvania. The facts are not in dispute.

On March 9, 1938, the plaintiff was arrested for violating the School Code, Act of 1911, P.L. 383, by rendering his son ineligible for admission to the schools of the state by refusing to have him vaccinated against smallpox. Plaintiff was taken before a justice of the peace, and, after a hearing, was sentenced to imprisonment in the Cumberland County Jail. This conviction was one of a series of convictions and imprisonments which plaintiff has suffered for the same offense since his son has reached school age.

Plaintiff's convictions have been under Section 1414 of the School Code, supra, 24 P.S.Pa. § 1421, which requires the parent of any child of school age to send his child to school, and provides that the penalty for failure to comply with the Act shall be a fine of two dollars for the first violation, and a fine of five dollars for each subsequent violation, and in the event of default in payment of the fine, imprisonment in the county jail for a period of five days. Section 1423, 24 P.S.Pa. § 1430. There is no compulsory vaccination law in Pennsylvania. However, the Act of 1895, P.L. 203, as amended, 53 P.S.Pa. § 2181, requires all children to be excluded from the schools of the state unless they are vaccinated against smallpox, and the Superior Court of Pennsylvania has sustained convictions under Section 1414 of the School Code, supra, where a parent has refused to allow his child to be vaccinated, and, in consequence, has rendered the child ineligible for attendance at school. Commonwealth v. Butler, 76 Pa.Super. 113.

The bill of complaint, with its supplements, alleges that the conviction and imprisonment violated the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.Const. Amend. 14, and prays for an injunction to restrain the defendants from further enforcing the statutes in question as interpreted by the courts of Pennsylvania. Plaintiff sets out at great length his reasons for refusing to comply with the law. These are in substance that vaccination against smallpox may cause loss of life, or health, and that vaccination is not a proper or effective method of preventing smallpox.

The statutes involved are state and have been upheld by the highest courts of the state as a valid exercise of the police power. Stull v. Reber, 215 Pa. 156, 64 A. 419, 7 Ann.Cas. 415; Commonwealth v. Wilkins, 271 Pa. 523, 115 A. 887, 19 A.L.R. 1379; Commonwealth v. Butler, supra. Plaintiff does not complain that the statutes as interpreted by the state courts were not properly applied to his case or that he was not allowed to present his defense. His complaint is that the courts of Pennsylvania have placed an unconstitutional interpretation on the statutes involved.

Thus, the question presented is whether a Federal District Court has jurisdiction to restrain threatened enforcement by the proper state officers of the penal provisions of a state statute in accordance with the interpretation placed thereon by the highest courts of the state.

A Federal District Court may, under certain circumstances, enjoin state officials from enforcing a state statute on the ground that it violates the Constitution of the United States. Judicial Code, Section 266, as amended (28 U.S.C.A. § 380); Terrace et al. v. Thompson, Attorney General for State of Washington, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255. However, a Federal District Court has no jurisdiction to restrain state officials from enforcing the penal provisions of state statutes as interpreted and enforced by the highest state courts. Steinbach v. Metzger, 3 Cir., 63 F.2d 74. The proper procedure is to exhaust the remedies available in the state courts and then an appeal to the Supreme Court of the United States if the Federal Constitution is involved. Rooker v. Fidelity Trust Co., 263

U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362. Therefore, the bill must be dismissed for want of jurisdiction.

Even though jurisdiction were assumed under Section 266 of the Judicial Code, the plaintiff in order to obtain equitable relief would have to show: (1) That the state statutes contravene the Federal Constitution; and (2) that there is no adequate remedy at law. Terrace v. Thompson, supra.

The Supreme Court of the United States has upheld the constitutionality of a Massachusetts statute providing for compulsory vaccination as a valid exercise of the police power. In this case the court specifically held that the statute was not contrary to the Fourteenth Amendment, U.S.C.A. Const. Amend. 14, and stated that it is for the legislature and not the courts to determine in the first instance whether vaccination is the best mode for prevention of smallpox. Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643, 3 Ann. Cas. 765. The Fourteenth Amendment contains neither mandate nor authority for this court to interfere. Through plaintiff's "right to 'due process of law,' he has the right to have the state tribunals pass upon his defense, and have the case conducted through all its appellate stages until it reaches the highest court of the state, and, if any federal, constitutional, or other question is involved, to carry it to the Supreme Court of the United States." Gillen v. Board of Public Education of City of Philadelphia et al., D.C.E.D.Pa., 250 F. 649, 651.

The Superior Court of Pennsylvania specifically pointed out to the plaintiff, in an opinion by President Judge Keller, that he has an adequate remedy at law. The statute in question provides for a hearing before a magistrate, or justice of the peace, and upon conviction, for release on bail pending an appeal to the Court of Quarter Sessions, and then to the highest courts of the state. If the conviction is sustained by the highest state court, an appeal may be taken to the Supreme Court of the United States. Commonwealth ex rel. Marsh v. Lindsey, 130 Pa.Super. 448, 198 A. 512.

Therefore, plaintiff's bill must be dismissed for the following reasons: First, this court does not have jurisdiction; secondly, the Pennsylvania statutes involved are within the police power of the Commonwealth of Pennsylvania and, therefore, constitutional; and, thirdly, the plaintiff has an adequate remedy at law.

Plaintiff has made certain requests for conclusions of law which are separately considered and filed herewith.

And now, this 17th day of August, 1938, plaintiff's bill together with its supplements is dismissed and he is ordered to pay the costs of this proceeding.