Commonwealth of Pennsylvania *v.* Queen Coal Co., Oliver Painter, t/a Alverton Fuel Co., and Wilmer McGiffin.

Argued April 22, 1971, before Judges CRUMLISH, JR., KRAMER, and MENCER, sitting as a panel of three.

*Leonard A. Redlich,* with him *Robert Y. Cassol, Redlich, Cassol, Redlich & Morocco,* and *Fred Adams* and *Ira B. Coldren, Jr., Coldren & Adams,* for defendants.

*Morris J. Solomon,* Assistant Attorney General, with him *William M. Gross,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for plaintiff.

OPINION BY JUDGE KRAMER, May 20, 1971:

This case comes within the original jurisdiction of the Commonwealth Court and involves a Complaint in Equity filed by the Commonwealth (plaintiff) against the defendants noted below. Plaintiff seeks to enjoin defendants from operating certain beehive coke ovens located in Westmoreland County.

Defendant, Queen Coal Company, is the owner of the land on which the coke ovens are located. Defendant, Oliver Painter, trading as Alverton Fuel Company, is the lessee of the land. Defendant, Wilmer Mc-Giffin operates the coke ovens under a contract with Painter in the production of coke for sale to third persons.

The complaint alleges:

(1) That defendants did not obtain the necessary permits from the Department of Health prior to commencing operations of the coke ovens in October of 1969;

(2) That the smoke emissions from defendants' coke ovens are denser and darker than allowable under the regulations of the Air Pollution Commission; and

(3) That the operation of the coke ovens constitutes a public nuisance.

The complaint was filed on March 2, 1971, and after hearing on March 18, 1971, this Court refused a motion for a preliminary injunction, and an appeal from that refusal was taken to the Pennsylvania Supreme Court.

Preliminary objections were filed by Painter and McGiffin on March 17, 1971, and by Queen Coal Company on April 5, 1971. These objections were argued before this Court on April 22, 1971. At that argument all of the defendants joined in the presentation of one consolidated brief and argument raising four specific issues which are set forth in the following enumerated paragraphs.

1. The defendants argue that the Commonwealth Court does not have original jurisdiction to hear this case because the Air Pollution Control Act (Act of January 8, 1960, P. L. (1959) 2119, 35 P.S. 4001, as amended) vests jurisdiction for injunctive relief specifically in the Court of Common Pleas.

The defendants rely upon Section 4010(a) of the Act, which states: "In addition to any other remedies provided for in this act, the department may request the Attorney General to petition the court of common pleas in the county in which the defendant resides or has his place of business for an injunction to restrain all violations of this act." This argument of the defendants has no merit, in view of the fact that subsequent to the passage of the Air Pollution Control Act, the Legislature passed the Appellate Court Jurisdiction Act (Act of July 4, 1970, P. L.     , Act No. 223, 17 P.S. 211.101 et seq.) and in Section 401 states: "Original jurisdiction—(a) the Commonwealth Court shall have original jurisdiction of (2) All civil actions or proceedings by the Commonwealth, or any official thereof, acting in his official capacity . . ."

Section 401, quoted above, however, did not give exclusive jurisdiction to the Commonwealth Court in cases such as this one, for in Section 401(b), the Act reads: "(b) The jurisdiction of the Commonwealth Court under this section shall be exclusive except as provided in section 201* of this act, and except with respect to actions or proceedings by the Commonwealth or any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas." By virtue of Section 401 of the Appellate Court Jurisdiction Act, and Section 10 (35 P.S. 4010) of the Air Pollution

---

* Section 201 refers to the original jurisdiction of the Supreme Court.

Control Act, the Commonwealth has the option of bringing such an equity suit as here in either the court of common pleas of the appropriate county or in the Commonwealth Court.

We refer also to Section 509 of the Appellate Court Jurisdiction Act, *supra,* where it is stated: "Repealers and savings provisions—(f). All other parts of those acts which are specified in this section or in section 508 of this act and all other acts and parts of acts are hereby repealed insofar as inconsistent with this act." The legislative intent is obvious, that although Section 10 of the prior enacted Air Pollution Control Act gave exclusive jurisdiction to the various courts of common pleas, Section 401.(b) and the repealer sections of the Appellate Court Jurisdiction Act created and vested concurrent jurisdiction in the two courts.

2. The defendants argue that by virtue of Section 8(e)(3) of the Commonwealth Court Act (Act of January 6, 1970, P. L.     , No. 434, as amended, 17 P.S. 211.1 *et seq.*), the Commonwealth Court does not have original jurisdiction, because that section excluded equity suits such as has been presented in this matter.

There is no need to quote that particular section of the Commonwealth Court Act because that section was specifically repealed by the Appellate Court Jurisdiction Act, *supra,* in Section 509, which reads as follows: "Repealers and savings provisions—(a). The following acts and parts of acts are hereby repealed absolutely: (7) subsections . . . (e) . . . of section 8 . . . act of January 6, 1970, known as 'the Commonwealth Court Act'."

3. Defendants argue that the Air Pollution Control Act, *supra,* is not included in Section 14 of the Commonwealth Court Act, which transfers jurisdiction from other courts to the Commonwealth Court. This argument likewise cannot be supported. Insofar as defendants' argument is concerned, Section 14 of the

Commonwealth Court Act was repealed by Section 509 (d) of the Appellate Court Jurisdiction Act. In addition, as we have already pointed out above, the Legislature by virtue of the Appellate Court Jurisdiction Act has created concurrent jurisdiction in the various courts of common pleas and the Commonwealth Court in cases such as that now before the Court.

4. The defendants argue that there is no precedent under the Air Pollution Control Act, *supra,* for bringing preliminary injunction proceedings before the Commonwealth Court under its original jurisdiction. This argument likewise has no merit since the passage of the Appellate Court Jurisdiction Act, *supra,* as previously discussed.

## SUMMARY

At the oral argument, the defendants relied upon their argument noted in paragraphs 2 and 3 above, and as we have pointed out, the repealer section of the Appellate Court Jurisdiction Act, *supra,* completely refutes that argument. For the reasons stated above, we issue the following

## ORDER

AND Now, this 20th day of May, 1971, all of the preliminary objections filed by all of the defendants in this matter are hereby overruled and the defendants are ordered to file an answer to the complaint of the Commonwealth of Pennsylvania within thirty days from the date of this order.