Bethlehem Steel Corporation *v.* Commonwealth.

Argued November 4, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Albert J. Tomalis, Jr.,* with him *Metzger, Hafer, Keefer, Thomas & Wood* and *James R. Koller,* and *Brent W. Robbins* and *E. C. Perkins,* Of Counsel, for appellant.

*Hershel J. Richman,* Special Assistant Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 20, 1971:

This appeal is one of a number of cases recently decided or currently in litigation, the outcome of which will serve to define the jurisdictional role of the Commonwealth Court in the enforcement of the environmental laws of this State.

Recently, in *Commonwealth v. Queen Coal Co. et al.,* 2 Pa. Commonwealth Ct. 28 (1971), we declared that this Court had *concurrent* original jurisdiction in equity with the courts of common pleas to enforce the provisions of the Air Pollution Control Act.[1]

This particular appeal raises the issue of whether the Commonwealth Court is the *exclusive* court of original jurisdiction in equity to enforce the provisions of The Clean Streams Law.[2] It is the Commonwealth's position that our jurisdiction is not exclusive but concurrent with that of the appropriate court of common pleas. Accordingly, it chose to initiate an enforcement action against Bethlehem Steel Corporation in Lebanon County, the situs of the alleged violation of The Clean Streams Law. Bethlehem contends that common pleas courts are without concurrent jurisdiction and exclusive jurisdiction is in the Commonwealth Court. The lower court reached a contrary conclusion, hence this appeal.

---

[1] Act of January 8, 1960, P. L. 2119, as amended, 35 P.S. §4001.

[2] Act of June 22, 1937, P. L. 1987, as amended, 35 P.S. §691.1.

The original jurisdiction of the Commonwealth Court as conferred upon it by Section 401 of the Appellate Court Jurisdiction Act[3] includes jurisdiction in "[a]ll civil actions or proceedings by the Commonwealth . . ."[4] but then further provides in subsection (b) that such jurisdiction shall be exclusive except as to the very class of action with which we are here concerned ". . . where the jurisdiction of the court shall be concurrent with the several courts of common pleas."

It could not be more plainly expressed that in all actions or proceedings brought *by* the Commonwealth, this Court enjoys original but not exclusive jurisdiction and shares such jurisdiction with an appropriate court of common pleas having venue in the cause of action asserted.

Notwithstanding this clear language, which we believe to be decisive, appellant structures an argument which it contends requires a conclusion that the exception contained in subsection (b) of Section 401 has been impliedly repealed or does not mean what it clearly says.

Appellant structures its argument upon the statutory history and provisions of the two statutes here involved—The Clean Streams Law and the ACJA, *supra.*

It correctly notes that prior to the Act of July 31, 1970, P. L.  (Act No. 222, 1970), which extensively amended The Clean Streams Law, Section 601 of that act, referring to state enforcement actions, conferred concurrent jurisdiction upon the Dauphin County Court and the appropriate court of common pleas. As changed by Act No. 222, 1970, *supra,* the Commonwealth Court was substituted for the Dauphin County Court but concurrent jurisdiction in courts of common pleas was re-

---

[3] Act of July 31, 1970, P. L.  (Act No. 223, 1970), 17 P.S. §211.101, for brevity sake being commonly referred to as the ACJA.

[4] With one exception not relevant here.

tained. This, of course, was consistent with the transfer from the Dauphin County Court to the constitutionally mandated and newly created Commonwealth Court of the jurisdiction previously enjoyed by the Dauphin County Court sitting in what commonly and historically has been referred to as its "Commonwealth Court" responsibility under the Act of April 7, 1870, P. L. 57, as amended, 17 P.S. §255 and a host of particular statutes.

In *Commonwealth ex rel. Schaffer, Attorney General v. Wilkins et al.,* 271 Pa. 523, 526-27, 115 A. 887, 888 (1922), speaking on the purpose and intent of the Act of 1870, *supra,* the Supreme Court stated: "The remedy which this act was intended to provide, compels an approval of the conclusion reached by the court below; for its evident purpose is that the Commonwealth, when suing in her own right, shall be allowed to prosecute her claims at the seat of government, and not be required to go to other parts of the State, where the defendants happen to reside. The fact that, under other legislation, she has also the privilege of proceeding wherever the defendants may be found and served with process, is beside the question; for this does not repeal the Act of 1870, either expressly or by implication, and hence she still has the absolute right to litigate her claims in Dauphin County, if she chooses so to do."

Although appellant acknowledges the existence of the concurrent jurisdiction provisions of the two statutes with which we are here concerned, it, nevertheless, contends that our jurisdiction in this class of actions is exclusive, which contention is based upon an ingenious argument involving the effective dates of the two statutes and some technical provisions found in the ACJA.

Briefly stated, appellant argues that although both acts were approved the same date, the ACJA became ef-

fective at a later date[5] and hence the provisions of Section 601 of The Clean Streams Law are impliedly repealed to the extent inconsistent with the provisions of the ACJA, a position in the abstract with which we agree.

To find the inconsistency and the resulting repeal by implication, appellant turns to Section 508 of the ACJA which, among other matters, transfers to the Commonwealth Court "[t]he jurisdiction of the courts named in the acts and parts of acts specified . . .", one hundred nineteen in number, the majority of which specifically refers to the Dauphin County Court as having seat of government jurisdiction as to the subject matter of the statute.

We do not deem it necessary in deciding the issue before us to undertake an analysis of the language employed in Section 508 as to each of the one hundred nineteen mentioned statutes, some of which had referred to the Dauphin County Court eo nominee or otherwise and others of which statutes referred to some other court as having concurrent jurisdiction with the Dauphin County Court. Suffice it to say that nothing contained in Section 508 of the ACJA can be found to make meaningless the provisions of Section 401 of the same statute which clearly and plainly recognize the concurrent jurisdiction of courts of common pleas in this class of actions brought by the Commonwealth, which fact appellant studiously avoids in its argument. Given the provisions of Section 401, to decide whether the provisions of Section 508 of the ACJA repeal by implication the provisions of Section 601 of The Clean Streams Law would be rhetorical.

---

[5] The Clean Streams Law, *supra*, was approved by the Governor on July 31, 1970 and became effective immediately. The ACJA, *supra*, was approved by the Governor on the same date but did not become effective until September 11, 1970.

Nor would we be prepared to say that the Commonwealth Court enjoys *exclusive* jurisdiction in any action or proceedings brought by the State except where the legislative intent is clear and unequivocal in denying to common pleas courts their historical and traditional subject matter jurisdiction of such classes of actions. As declared in *Wilkins, supra,* and a host of other decisions, the jurisdictional role of the Dauphin County Court as the seat of government court, developed over one hundred years of statutory and decisional law, was to afford state government a choice of jurisdiction in this class of actions. It was not to deny jurisdiction to common pleas courts. Absent clear statutory language to the contrary, the same can be said of the provisions of the ACJA pertaining to the original jurisdiction of the Commonwealth Court.

The Court of Common Pleas of Lebanon County has jurisdiction of the case at hand.

Order affirmed.