## Harding v. Repp, Appellant.

*Taxation—Assessment—Creation of borough out of township.*

Where a borough has been created out of a township, the borough may collect taxes on property situated in the borough without any other assessment than that made by the township assessor prior to the incorporation of the borough.

Argued Jan. 16, 1902. Appeal, No. 16, Jan T., 1902, by

defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1901, No. 735, on case stated in suit of Henry Harding v. William Repp. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine liability for a tax. ARCHBALD, P. J., filed the following opinion:

The plaintiff is tax collector of Old Forge borough, and has for collection on his duplicate a borough tax of $42.03 assessed against the real estate of the defendant in the borough, which the latter refuses to pay, the ground of his refusal being that there was no proper preceding assessment.

The borough of Old Forge was created out of the township of the same name on May 2, 1899. At the election which followed for borough officers no assessor was chosen and no subsequent assessment for purposes of taxation was made. It is claimed by the defendant that this was necessary and that without it the tax is invalid. There was, however, an assessment duly made the latter part of 1898, the preceding year, while the territory was still a township, by the regular township assessor, of all the property therein, and this was taken by the borough council when they came into being and were called upon to levy a borough tax. It is of this that the defendant complains.

By the Act of June 26, 1895, P. L. 346, which is the latest declaration on the subject, every borough in the commonwealth is authorized, " to levy and collect for general borough purposes any tax not exceeding one cent on the dollar on the valuation assessed for county purposes as now is or may be provided by law. " This was practically the same except, as to the rate, in the provisions found in the general borough law of 1851: Act of 1851, sec. 2, clause 24, P. L. 320. By it a borough has to resort to the county assessment as the basis of its levy, and an assessment which is good for the one is good also for the other. That a due assessment was made in the present instance so far as county purposes is concerned is manifest. It was made at the close of the year, the regularly appointed time, when the territory was still a township, by the duly selected township assessor, and it held good at least for the ensuing year. Upon it the county rates were necessarily levied and the incorporation of the borough the succeeding spring in no wise affected it. Even

though an assessor had been chosen by the electors of the borough along with the other borough officers at the time appointed for the first election, he would have had no immediate duties to perform. It would have been highly irregular had he attempted to make a new assessment upon any such mistaken idea. The property within the limits of the borough remained the same and under the same conditions. If it was enhanced by the incorporation it was not otherwise affected by it, and the property holders had the right to have their assessments continue unchanged. Neither the county nor the borough authorities were empowered to direct another, and the only thing that either could do was to take the one at hand. The tax of the defendant based upon it was, therefore, entirely regular and must be paid.

Judgment is given for the plaintiff on the case stated for $42.03, with costs.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*H. M. Hannah,* for appellant.—An assessment not made by the proper officers is void: Mattes v. Ruth, 1 Lacka. Legal Record, 311.

An assessment not made in the mode perscribed by law is irregular and void, and a taxpayer may refuse payment thereof: Laubach v. Dodson, 1 Kulp, 83.

*J. E. Watkins,* for appellee.—The liability of the person or property assessed becomes fixed for that year; after that time neither a change of ownership, nor a change of value, and a fortiori, a change of geographical boundaries will affect the tax: Vaughan v. Street Comrs. of Boston, 154 Mass. 143; 28 N. E. Repr. 144; People v. Tax Comrs., 91 N. Y. 593.

PER CURIAM, February 14, 1902:

We concur fully in the conclusions reached by the court below, and in the reasons given therefor in the opinion filed. We cannot profitably add anything to the discussion.

Judgment affirmed.