### Com. ex rel. Walnutport Borough v. Kester.

*Assessment—Boroughs—Mandamus—Practice.*

1. The assessments made by the assessors and returned to the county commissioners are the basis for the levying of taxes in a borough, and the borough is interested in having the assessments made. Where a borough assessor refuses to act, a mandamus is the proper remedy to compel him to act, but it will not issue upon the mere motion of the borough.

2. A mandamus to compel the performance of a public duty should be asked for either by the attorney-general or the district attorney. Where his consent has not been previously obtained, the record may be amended when consent is obtained.

Petition for alternative mandamus. Motion to quash. C. P. Northampton Co., Nov. T., 1923, No. 74.

*Albert Kahn*, for Walnutport Borough; *Asher Seip*, for defendant.

STEWART, P. J., Jan. 14, 1924.—This is a motion to quash a writ of alternative mandamus. The sum of the reasons assigned is that the action is improperly brought by the Borough of Walnutport as the relator. The petition set forth that the plaintiff was a duly incorporated borough; that the defendant was the assessor of the said borough; that the Diamond Fire Company was a duly incorporated corporation of the first class; that it owned the property in the Borough of Walnutport, on which was erected a large two-story brick building; that the said brick building was occupied by the Diamond Fire Company, by the Walnutport State Bank, by the Egypt Silk Corporation, and by the Council of the Borough of Walnutport as its meeting place; that the said Diamond Fire Company derived a large and handsome revenue in the way of rentals from the several tenants aforesaid, which went into its treasury and became its property; that the defendant arbitrarily and peremptorily refused, and still does refuse, to assess the said real estate, assigning as his reason for so refusing, an exemption from taxation of the said property awarded by the County Commissioners of Northampton County; that by reason of the defendant's refusal, the Borough of Walnutport has suffered great damage, and will hereafter suffer great damage by reason of its inability to collect a borough tax upon the premises aforesaid. The learned counsel for

*Com. ex rel. Walnutport Borough v. Kester.*

the defendant in his argument and in his brief strenuously insists that the Borough of Walnutport is practically an interloper in this proceeding; that the only proper parties to act are the county commissioners. It is true that the assessments used by boroughs in determining the amount of taxes are those made by the county for county purposes, and that the precept for the making of the assessment directed to the assessors is issued by the county commissioners. Such has always been the law in Pennsylvania, and it has not been changed by the late Borough Act. The extent to which the county assessments have been used as a basis for borough assessments is illustrated in Harding *v.* Repp, 19 Pa. Superior Ct. 439, the syllabus of which is: "Where a borough has been created out of a township, the borough may collect taxes on property situated in the borough without any other assessment than that made by the township assessor prior to the incorporation of the borough." While the above is true, yet, nevertheless, the borough is interested in having the proper assessment made, and from no point of view, as it seems to us, can the defendant justify his refusal to make the assessment of this fire company's property. The precept to him is plain, and the oath which he has taken is explicit. His refusal to make the assessment renders him liable to a criminal prosecution. Nothing was said on the argument as to the effect of the alleged exemption of this property by the county commissioners, and that matter will not be discussed herein. As we said above, the sole question is, has the present suit been properly brought? We discussed this matter at length in a mandamus that was brought by the Commonwealth of Pennsylvania ex rel. Asher Seip, District Attorney, *v.* Lehigh & New England R. R. Co., 16 Northamp. Co. Repr. 180. That proceeding was really by the supervisors, but it was commenced and carried on by the district attorney. We also referred to the functions of a district attorney in the late case of Com. *v.* Ayers, 18 Northamp. Co. Repr. 333, 3 D. & C. 818. In the former case we discussed the remedy by mandamus, and also the criminal aspect which was represented by the refusal of a railroad to act. That the district attorney is the proper party to act appears from Stegmaier *v.* Jones, 203 Pa. 47, as explained in the opinion of Judge von Moschzisker in Com. *v.* Mathues, 210 Pa. 372, which was, in effect, affirmed by the Supreme Court in Com. *v.* Wilkins et al., 271 Pa. 523, the syllabus of which is as follows: "The Commonwealth at the relation of the attorney-general is the proper plaintiff in a writ of mandamus seeking to procure the enforcement of a public duty. A mandamus may issue to compel a public official, charged with the enforcement of a statute, to perform his duty, even though he is thereby subjected also to a penalty for failing so to do; and this is true of the Acts of 1895, 1903 and 1919 above specified. Unless it is expressly provided otherwise, the courts will presume the Commonwealth reserves to herself the right to mandamus her officials to perform their duty." There being nothing in the record to show that either the attorney-general or the district attorney has approved of the present action, the writ would have to be quashed, unless the suit is amended so that the plaintiff will be the Commonwealth of Pennsylvania *ex relatione,* either the attorney-general or the district attorney. The proper practice is to secure the consent of one or the other of those officers, and frequently he has semi-judicial hearing upon the matter. In order that an opportunity may be had to secure such consent, we make the following order:

And now, Jan. 14, 1924, motion of defendant to quash will be allowed unless the record of suit is amended, as above indicated, within fifteen days from date.          From Henry D. Maxwell, Easton, Pa.